UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FREDERICK DONOVAN AND
TIFFANY RODRIGUEZ,                                                            18-4837 CBA PK

        Plaintiffs,                           **AMENDED COMPLAINT**

               **JURY TRIAL DEMANDED**

    -against-


THE CITY OF NEW YORK,
PO PAUL SANTASIERI, SHIELD # 11807
and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS
all sued herein in their capacity as individuals.

       Defendants
------------------------------------------------------------------X

    Plaintiffs Frederick Donovan and Tiffany Rodriguez, by their attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION AND VENUE

1. This action arises under federal law more specifically pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution as well as pursuant to the common law of the State of New York.

2. Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of New York as events forming the basis of the Complaint occurred in that District and subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

## PARTIES

3. At all times relevant, plaintiff, FREDERICK DONOVAN, was and still is a resident of

the County of Queens in the City and State of New York and he is an African-American male.

4       At all times relevant, plaintiff, TIFFANY RODRIGUEZ, was and still is a resident of the County of Queens in the City and State of New York and she is an Hispanic female.

5        At all times hereinafter mentioned, the CITY OF NEW YORK (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6       Upon information and belief, that at all times hereinafter mentioned, NYC, its agents, servants and employees operated, maintained and controlled the NYC Police Department (NYPD), including all the police officers thereof.

7       Upon information and belief, at all times hereinafter mentioned, defendants POLICE OFFICER PAUL SANTASIERI, SHIELD # 11807 and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, were employed by NYC as members of its police department and they are sued herein in their capacity as individuals.

8       Defendants were at all times relevant duly appointed and acting as employees of NYC and they are liable for directly participating and/or failing to intervene to prevent those preventable acts described herein.

9       This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth, and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. §§ 1983 and 1988 as well as pursuant to the common law of the State of New York.

10      At all times relevant, the individual defendants were acting in their capacities as state actors under color of state law.

## FACTS UNDERLYING
## PLAINTIFF'S CLAIMS FOR RELIEF

11      On August 12, 2017, coming from a restaurant, Mr. Donovan and Ms. Rodriguez were walking on 8th Street and Astoria Blvd, in Queens New York at approximately 11:40 pm..

12      At that time, Mr. Donovan and Ms. Rodriguez parked their car and were walking towards Mr. Donovan's home when two defendant male police officers, including plain clothes police officer Police Officer Paul Santasieri, Shield # 11807, stopped them.

13      Without saying anything indicating they had probable cause or even a reasonable suspicion, the two defendant male police officers stopped and frisked Mr. Donovan and Ms. Rodriguez, searched them, and held them on 8th Street and Astoria Blvd for approximately 40 minutes, despite the fact that they had not committed any crimes nor were they poised to commit one.

14      Mr. Donovan is under six feet tall male and Ms. Rodriguez is a female approximately 4'11".

15      As Mr. Donovan and Ms. Rodriguez were being held, they heard radio communications indicating the officers were searching for two considerably taller black males, for whom remarkably the plaintiffs were stopped and mistakenly alleged to be.

16      Ms. Rodriguez was wearing a dress and is obviously a female.

17      Neither Mr. Donovan nor Ms. Rodriguez could ever be mistaken for the two taller black males whose descriptions were put over the air.

18      Mr. Donovan and Ms. Rodriguez were searched and frisked, their take-home food was searched, Ms. Rodriguez's bag was searched, and Mr. Donovan and Ms. Rodriguez were held in

plain view in their neighborhood, where they could be seen by the neighbors.

19     Mr. Donovan and Ms. Rodriguez were held and were not free to leave for approximately 40 minutes, during which time, they were prevented from returning home.

20     Mr. Donovan and Ms. Rodriguez were embarrassed, humiliated, prevented from attending to their usual affairs and defamed in their community.

**FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS
PURSUANT TO 42 U.S.C. § 1983 AND
THE FOURTH AMENDMENT
via ILLEGAL SEARCH AND SEIZURE
<u>AND FALSE ARREST</u>**

21     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs as if fully stated herein.

22     Plaintiffs' rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment and pursuant to 42 U.S.C. § 1983, due to their being subjected to illegal searches and seizures and false arrests by the defendants.

23     Plaintiffs were stopped and confined by defendants; defendants intended to confine plaintiffs; plaintiffs were conscious of their confinement; and both plaintiffs did not consent to the confinement which was not otherwise privileged.

24     The defendants stopped, frisked and searched plaintiffs when they were looking for two considerably taller black males, for whom remarkably the plaintiffs were stopped and mistakenly alleged to be, without even a reasonable suspicion they had committed or was about to commit a crime or even a reasonable belief that criminal activity was afoot.

25     As a direct consequence of defendants' actions, plaintiffs were deprived of rights,

privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, their right to be free from arrest without probable cause.

26     The said stops searches and seizures and the false arrest were caused by the defendants, and at no point did the defendants act with reasonable suspicion or probable cause or otherwise have any lawful basis for their treatment of plaintiffs.

27     Among other invasions of plaintiffs' privacy, offenses to their dignity and violations of their rights, plaintiffs were subjected to being frisked, searched, confined, insulted, humiliated, emotionally harmed, embarrassed, they were searched and defamed by being confined in the plain view of their neighborhood and in front of members of their community and they were otherwise harmed.

28     By reason of the aforesaid, plaintiffs have been damaged and they each entitled to compensatory damages in a sum not less than $50,000.00 (FIFTY THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS
PURSUANT TO 42 U.S.C. §1983
VIOLATION OF PLAINTIFFS' FOURTEENTH AMENDMENT RIGHTS
via <u>DENIAL OF EQUAL PROTECTION</u>**

29     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs as if fully stated herein.

30     By the actions described, plaintiffs were deprived of their rights secured by the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. §1983 due to their races.

31     Mr. Donovan as an African-American and Ms. Rodriguez as an Hispanic-American are both members of suspect classifications pursuant to the Fourteenth Amendment's Equal Protection clause.

32     As plaintiffs were lawfully and properly at the location, they were ordered to stop and was searched solely on the basis of their race.

33     Plaintiffs were subjected to a selective treatment, in that they were treated differently from other similarly situated individuals, and such differential treatment was based on the impermissible considerations of their race.

34     As a direct consequence thereof, plaintiffs have been damaged; they were subjected to being frisked, searched, confined, insulted, humiliated, emotionally harmed, embarrassed, they were searched and defamed by being confined in the plain view of their neighborhood and in front of members of their community and they were otherwise harmed.

35     By reason of the aforesaid, plaintiffs have been damaged and they each entitled to compensatory damages in a sum not less than $50,000.00 (FIFTY THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS PURSUANT TO 42 U.S.C. §1988 AND THE FOURTH AMENDMENT AGAINST THE CITY OF NEW YORK i.e., MONELL CLAIM

36     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs as if fully stated herein.

37     Plaintiffs' rights have been violated under the Fourth Amendment to the United States

Constitution as made applicable to the states via the Fourteenth Amendment by the defendant CITY OF NEW YORK (NYC).

38      Defendants NYC Police Officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of officers treating minorities in a disparate and worse manner which are racially motivated.

39      Defendant NYC is responsible in light of the duties assigned to defendant Police Officers the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of plaintiffs' constitutional rights.

40      Plaintiffs were stopped and searched absent probable cause or a reasonable suspicion to believe they committed a crime pursuant to the *de facto* policy of the NYPD allowing officers to perform such stops and detain minorities without fear of repercussions.

41      Plaintiffs were discriminated against premised on an official policy and/or custom that caused the plaintiffs to be subjected to a denial of constitutional rights, as protected by the Equal Protection clause of the Fourteenth Amendment.

42      The above mentioned deprivations of the rights of NYC's minority citizens are so glaring and frequent that the failure of supervisors from the NYPD to act to prevent such further deprivations rises to an act of deliberate indifference to the rights of individuals and in fact is the proximate cause of plaintiffs' harms.

43      As a direct consequence thereof, plaintiffs have been damaged; they were subjected to being frisked, searched, confined, insulted, humiliated, emotionally harmed, embarrassed, they were searched and defamed by being confined in the plain view of their neighborhood and in

front of members of their community and they were otherwise harmed.

44	By reason of the aforesaid, plaintiffs have been damaged and they each entitled to compensatory damages in a sum not less than $50,000.00 (FIFTY THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

    WHEREFORE, plaintiffs respectfully request that judgment be entered as follows:

(A)	Declaratory relief finding that plaintiff Frederick Donovan and plaintiff Tiffany Rodriguez's rights under the United States Constitution were violated;

(B)	Compensatory damages to be determined at trial in a sum not less than $50,000.00 (FIFTY THOUSAND) DOLLARS

(C)	By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be determined at trial;

(D)	An award to plaintiff of the costs and disbursements herein;

(E)	An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F)	Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       January 12, 2019

                                              / s /
                                    FRED LICHTMACHER FL-5341

                                                  The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiffs
116 West 23rd Street Suite 500
New York, New York 10011
Tel. No. (212) 922-9066

To:    ZACHARY CARTER
        NYC Corporation Counsel
        100 Church Street
        New York, New York 10007